No. 114.—L. M. B. RIND v. SUCCESSION OF D. J. FLUKER AND W. W FARMER.

The tacit mortgage allowed by law in favor of minors on the property of their tutors, to secure the faithful administration of their estates, does not attach to property that has come into the possession of the tutor under a deed from a party, who did not himself own the property.

APPEAL from the District Court, parish of Ouachita. *Ray*, J.

W. J. Q. *Baker*, for plaintiff and appellee. *Morrison & Farmer*, for defendants and appellants.

LUDELING, C. J. This is a suit to enforce a tacit mortgage on two tracts of land in the possession of third parties.

N. D. Rind, as tutor of his minor daughter, the plaintiff, is shown to have received $11,007 31, which was inherited by her. He died, owing

this sum to his minor child, and the probate court of Ouachita gave judgment against his succession, for that amount, with interest.

Since the rendition of this judgment two thousand two hundred and four dollars have been collected from the estate of N. D. Rind.

In April, 1839, James H. Brigham sold to N. D. Rind a plantation, situated in the parish of Ouachita, containing about eight hundred arpents. This sale was made in part on a credit; and a mortgage and the vendor's privilege was retained in the deed. The act of sale was recorded in the notarial record of deeds, about two months before it was registered in the book of mortgages.

The plantation sold to Rind was composed of two tracts of land; the one known as " The Arpen Tract," embracing about 290 acres, and the other formed a part of the Maison Rouge grant.

Under a mortgage made by Brigham to the Citizens' Bank to secure a loan, and which Rind had assumed to pay, the Arpen tract was seized, and was sold for six thousand and sixty-six dollars; the purchase price exceeded the loan secured by the mortgage by two thousand four hundred and fifty-three dollars. The plaintiff claims that she is entitled to a mortgage on the property for this balance, as her tacit mortgage was the next in rank to the bank's mortgage. If it be true that the plaintiff's mortgage was the next in rank to the mortgage under which the property was sold, and that there was no other mortgage on the land which was preferable or anterior to the seizing creditor's, the proposition of the plaintiff would be correct. C. P. 707.

But, it appears, that the Citizens' Bank had a mortgage on the land, to secure the payment of $15,000, the amount subscribed for the stock of said bank by Brigham and Downs, dating from the sixteenth of January, 1838, long anterior to the mortgage of Rind.

It is conceded that the bank had this mortgage, but it is contended that, by the sale of the property, under the mortgage of the bank for the loan, the mortgage for the stock was extinguished, and both amounts were secured by a mortgage or mortgages in the same act.

The plaintiff seems to have supposed that the act of mortgage to secure the sum subscribed for stock, and also to secure any loans which might be made, contained but one mortgage, or that the two mortgages were of equal rank, because contained in the same act. Either supposition is erroneous.

The stipulation of the mortgage to secure the loan, thereafter to be made, was an obligation potestative on the part of the mortgagor. It was not the agreement itself, which created the *vinculum juris*, but the accomplishment of the condition. C. C. 2016, 2019.

The mortgage for the loans remained inoperative until the loans were actually made, which was sometime after the execution of the act of mortgage. 2 Troplong, Hypothèques, Nos. 478, 479 and 480; 15 An. 630, Haynes, Liquidator, *v.* Courtnay.

The property subjected to the stock mortgage for fifteen thousand dollars was sold for six thousand and sixty-six dollars. It is clear that this sale did not affect the stock mortgage, which was older, by several months, than the loan mortgage, under which the property was sold. And it is of no consequence to the plaintiff whether the act of the sheriff in transferring the property to the adjudicatee was valid or not, as in any event, it could not make her mortgage outrank the bank's.

The bank's mortgage was the oldest, and it is first in rank still, unless it has been extinguished in some manner different from that above stated. But as the bank is not a party to this suit, we deem it unnecessary further to discuss its rights, as they can not be affected by the decision in this case.

The plaintiff's claim to a mortgage on that part of land bought by Rind, embraced in the " Maison Rouge grant, " is clearly unfounded.

The grant to the Marquis de Maison Rouge was held, by the Supreme Court of the United States, not to have invested him with title to the lands, and it was decided that they belonged to the United States.

This was in 1849 and 1850, long after the lands had passed out of the possession of Rind. The sale to Rind, by Brigham, in 1839, was, therefore, the sale of the property of another, and it conferred no title. C. C. art. 2427.

It is too obvious to need argument that the tacit mortgage of the minor could not attach to the property of another, simply because it happened to be in his possession, under a deed from one who did not himself own the property.

The case of the succession of D. W. Coxe, relied on by the plaintiff, does not support his views.

In that case, this court held that one who had availed himself of the benefit of the pre-emption act of the twenty-seventh of March, 1851, in favor of actual settlers in good faith, who had paid a price for the land, could not be permitted to recover from his vendor the price paid him—that was the only issue in the case.

But the question at issue in the case at bar is, did a tacit mortgage against Rind attach to lands, to which he never had a title ?

The title to the lands in question remained in the United States until Miss McCaleb acquired it from the United States, long after the death of Rind.

The plaintiff has failed to make out her case; but as she may be able to show, in her contest with the bank, now pending in another suit, that the stock mortgage of the bank has been extinguished, we think the ends of justice will be subserved by rendering a judgment of non-suit.

It is therefore ordered that the judgment of the district court be avoided, and that there be judgment of nonsuit against the plaintiff, with costs of both courts.

Rehearing refused.